451 P.2d 586

STATE of Utah, Plaintiff and Respondent,

v.

Anthony MONTOYA, Defendant and Appellant.

No. 11260.

Supreme Court of Utah.

March 12, 1969.

Anthony Montoya, pro se.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

The defendant appeals from a conviction and sentence in a robbery case. He .was represented in· the court below by an .experienced member of the Legal Defender organization and now prosecutes this appeal in propria persona. He makes two assignments of· error, viz.: (a) He was deprived of the effective assistance of counsel, and (b) the prosecution failed to ·disclose that the robbery victim was unable to identify the defendant on the night of the crime and at the ·preliminary hearing.

◼ As to (a), he claims that his counsel failed to object to testimony of an officer when the officer testified that the victim told him that three individuals entered his tavern just as he was ready to close shop. The appellant says that the testimony was hearsay and should have been objected to.

Without discussing the matter at length, it is enough to say that there was no dispute about that matter. The defense of the appellant was an alibi, and counsel adequately presented that matter to the jury. Counsel frequently fail to object to immaterial matters and hearsay statements for various reasons, including a belief that such an objection might have an adverse influence upon the jurors and cause them to believe that counsel does not want the whole truth to be presented.

◼ As to (b), the assignment is without any foundation whatsoever. The victim identified the defendant from some pictures shown him immediately after the

robbery and picked him out of a line-up and did identify him at the preliminary hearing. There was testimony to the effect that the victim was not positive at the preliminary hearing as to whether the brother of the defendant was one of the three men who robbed him, but there was no evidence that he indicated any doubt whatsoever about the defendant being the one who held the gun on him.

The assignments being without merit, the judgment of the trial court is affirmed.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.